Chief Justice Robertson,
delivered the opinion of-the court.
This is an action of slander. Sodusky sued McGee for charging him with illicit intercourse with his (McGee’s) wife; and obtained a diet and judgment on the general issue, for $3,000 in damages. ®
The only question presented to this court for consid«ration, is. whether or not the circuit court erred in per-mitting Sodusky to .prove that Mrs. McGee’s general character was good?
. . _ , A bill of exceptions states, that on the trial, Sodusky “called a witness to .prove -the general good character of Mrs. McGee, in order to rebut evidence brought out by McGee, on the cross-examination of Eodusky’s witnesses, conducing to prove unchaste conduct on the part of Mrs. McGee, to the examination of whom, on that point, McGee, by his counsel objected, and the court overruled the objection.’’
Supposing, as we must do, that the testimony intended to be rebutted was precisely such as the exception represents it to have been, it was impertinent and consequently, illegal.
As the plaintiff sues in an action of slander, for ;m injury to his character, the issue necessarily involves his character. But, with the exception of some anomalous cases, the character of a stranger, and who was not a witness, cannot be implicated in a controversy inter alios. In a suit for criminal conversation, as the extent of the defendant’s guilt, and of the plaintiff’s injury may depend chiefly on the character and deportment of the plaintiff’s wife, her conduct and character may, ex necessitate,he subjected, even without her knowledge, to the ordeal of judicial scrutiny. So in a prosecution for a rape, the character of the female, ■complaining of violence, may be investiga !ed, although she is no party to the prosecution. It may be possible that the character of a person, neither party, nor witness, may be implicated in an action of slander. For example, as Sodnskv could not have been mil tv, unless *186 Mrs. McGee had been a particeps, therefore, if McGee had pleaded and sustained justification, the character of his wife would inevitably have suffered degradation. / lthough she is not in form a party to the suit, she is so identified with Sodusky, in the charge made agains* him, that an inquiry into its truth would necessar.ly affect her indbeejy and consequentially.
Under the general issue, in slander, the defendant may prove, in mitigation, circumstances which do not amouut to a justifica tion.
'In stand or, evFence in -•muH be°suob as tends to diminith theU‘(TOM-'d Jesuit by implication of law from the slander without any such mitigating testimo-
tinder the -goner;'1 issue, in slander, it Wo to prove, factTwf)ichM’ tend to show merely, that had^reasonaMe grounds for believing whenWnit' tered it.
In slander, mitt'aiwn1 X>uid be con-lined to the proof of such show°the:'ns tore ande®jury which "theplaintiff lias suffered.
*186 Under the general issue in slander, a defendant may prove, in mitigation, circumstances which would not. amount to a justification; Sel. N. P. Wheaton’s Ed. p. fe’G-i, 97C; Siarkie on Slander, 404.
But although there is some apparent discrepancy in the authorities, a survey of all of them and an examiJ,a^on the principle which governs or should govern them, incline us to the opinion, that the rule which they have attempted to establish, must be circumseri^ed suc'k ev^ence ar may tend to diminish the injury which u'ould result by implication of law, from the slcmder without any such mitigating testimony.
, And, that consequently, it does not allow proof of facts which may tend to show, merely that the defen¿|an(_ jn ¡be action had reasonable grounds for believing the charge when lie utiered it, but permits proof only of such facts as may show the nature and extent of the jniUry which the plaintiff in the action suffered.
For example, McGee should not have been permit-íec*to Pr°vesuch intercouse between Sodusky and Mrs. McGee, as might have justified, at the lime, suspicion Gf their guilt; but should have been permitted to prove, ^ ho ilacl offered to do so, that they had been generally suspected, before he made the charge. If they bad been so suspected or charged in their neighbor-h°°dj ^le publication by McGee was only the echo of what had been propagated and believed by others. and consequently, the proof of such a fact would show *hat Sodusky ^la(^ noi ^ecn injured by McGee, as much as he would have been, if no such fact had existed. It would affect his character, by showing that it had suf-fcre(j jn rcfcieuce to tlic subject'matter of the suit, be-f°re publication by McGee; see Eastland vs. Caldwell, II Bibb, 24.
Indeed such proof might show that the repetition of the slander by McGee, entitled Sodusky to scarcely *187 more than nominal damages. For, in every suit, ex delicto, the damages should be graduated by ¡.be injury actually inflicted. But the injury to Sodusky could not be diminished by proofj barely, that McGee had some ground for suspecting him when he uttered the charge against him. Sodusky might have been surprised by proof of such facts. They did not come within the range of the issue; and'this seems to be the opinion of Starkie; see Starkie on Slander, (dlO,) we will not say thav, if Sodusky had w.ntonly deported himself in such a manner as to have cxciied ihe jealousy of McGee and authorized his suspicions,. such conduct might not have been proved in mitigation. The admissibility of testimony depends so essentially on the peculiar circumstances of each case, that it is sometimes difficult to prescribe a rule of certain and universal, application- And, therefore, we shall not now decided, especially as it is not necessary, that wo should decide, whether- or not the rule which we have suggested is universal and inflexible, nor whether such a fact, as that just alluded to might, under any circumstances, be admissible.
Under the general issue, in an action of slander for charging the plaintiff with illicit intercourse with d efendant’s wife, evidence of the wife’s general character, is inadmissible.
*187 McGee’s testimony, as described in. the bill of ex? ceptions, was impertinent for two reasons:
1st. It did not implicate Sodusky, for it is not material how unchaste the conduct of Mrs. McGee may have been, as there is no intimation that it was unchaste towards Sodusky, or that he had any connexion with it,
_ 2d. If the proof had even been, that Sodusky and Mrs.. McGee had been unchaste in their intercourse with each other, we could not determine that such proof was legal, because it might Slave amounted to guilt, and. therefore, would have been inadmissible under the general issue; and because if it was not such as might have been admissible under a plea of justification, it is not shown to have been such as could have diminished the damages, according to the principle which has been suggested, or any authoritative application hitherto made of it.
The character of Mrs. McGee was therefore, not a proper subject for investigation. It is true, that, in the absence of positive proof, her character should have been presumed to be good. But McGee should not be forced to the necessity of investigating his wife’s character, when it was not properly implicated; and *188 the proof introduced by Sodusky may have influenced or otherwise misled the' jury. One error cannot be retaliated by another error, in a court of justice. And this .court cannot determine what effect the error bow complained of, may have produced. It is enough that the evidence objected to, was irrelevant and may have' operated injuriously; nor can we become casuists or censors, and decide on the morality of McGee’s attempt to mitigate the' damages. His motive is unknown to us. Perhaps he believed that his wife had been incontinent, and being unable to prove it, or afraid to make the attempt, was endeav oring insidiously t'o excite the suspicions of others, by bis- defence, or perhaps (which is more reasonable) he may have had suff ficient grounds for strong suspicion when he uttered the charge, and having afterwards become convinced of her innocence, may have been endeavoring honorably and in good faith, by his proof, to expose the whole truth of the case for the purpose of exhibiting his conduct in its true color, and tlierehj preventing a verdict which might superadd, to other consequences of his unfortunate delusion, ruin to himself and his- family.
Oneerrorcannot be retaliated by anoth er, in a court of justice.
Denny, Triplett and Hewitt, for plaintiff; Chinn, fog defendant.
Whatever may have been his motive, however, his conduct on the trial was indiscreet. But this indiscretion did not justify the proof to which he objected; nor can it cure the error committed by the circuit court, in overruling his objection.
Wherefore, the judgment is reversed, and the cause, remanded for a new trial.